### EGAN et al. v. DE JONGE.

(Supreme Court, Appellate Term. December 16, 1908.)

1. PRINCIPAL AND AGENT (§ 102*) — AUTHORITY OF AGENT — INCIDENTAL AUTHORITY.

An agent employed to do an act may do it in the way such business is usually done; and where an agent negotiated the purchase of land for his principal and signed the contract, he had incidental authority to engage attorneys to close the title.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 275; Dec. Dig. § 102.*]

2. PRINCIPAL AND AGENT (§ 155*) — WRONGFUL ACTS OF AGENT — FRAUD—LIABILITY OF PRINCIPAL.

If an agent for the purchase of land made a secret agreement with the vendor or his attorneys to influence the sale, contrary to his principal's interest, such agreement was unconscionable and unenforceable.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 577; Dec. Dig. § 155.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Walter Egan and another against Annie De Jonge. From a judgment for plaintiffs, defendant appealed. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Otto Henschel, for appellant.

James F. Donnelly, for respondents.

HENDRICK, J. I have no difficulty in resolving the question of Emrich's agency in favor of the plaintiffs. Emrich was evidently the authorized general agent of the defendant in connection with her real estate transactions. He acted for her in prior transactions, and had engaged her attorneys for her in matters relating to such transactions. He certainly acted for her on the occasion in question, negotiated for the purchase, signed the contract, and had the agreement in suit witnessed by her own attorney. If there was no express authorization given to him to engage the plaintiffs as her attorneys for closing the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

title to the purchased premises, in this instance such an employment was a power incidental to the agency by reason of the general rule that an agent employed to do an act is deemed authorized to do it in a manner in which the business is usually done.

But the conclusion from all the evidence is irresistible that the plaintiffs never acted for the defendant, but for Ferraro, the seller. They were his attorneys at all times—were so considered by Ferraro, Emrich, and by themselves. If the agreement of Emrich, the agent of the defendant, was a secret arrangement to influence the sale, and there is much in the evidence to sustain this view, then it was unconscionable, and for that reason unenforceable. The plaintiffs evidently recognized the force of this view when they attempted to show that the $400 was to be paid in discharge of an antecedent indebtedness to them from Ferraro, their client. But not only is this claim contradicted by the writing itself, which refers specifically to services rendered in the closing of this title, but it is denied by Ferraro, in this instance a disinterested witness, and by all the witnesses for the defendant, and is, moreover, most improbable. The judgment of the trial court cannot be sustained on either view, and it must be reversed.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.